UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sarah Dembitzer,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>Midland Credit Management, Inc.,<br><br>Defendants. | Case No.: 3:21-cv-16982<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sarah Dembitzer brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendants Midland Credit Management, Inc. ("MCM") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Ocean.

8. Defendant MCM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address with Corporation Service Company 80 State Street, Albany, NY 12207 - 2543.

9. Upon information and belief, Defendant MCM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of New Jersey;

   b. to whom Defendant MCM sent a collection letter;

   c. attempting to collect a consumer debt;

   d. where the letter states a "Principal Balance" although that amount includes interest and/or fees added before charge-off; and

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have

any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to June 15, 2021, Plaintiff allegedly incurred an obligation to non-party American Express.

21. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically an American Express personal credit card.

22. The alleged American Express obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. American Express is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Upon information and belief, American Express contracted with Defendant MCM to collect the alleged debt.

25. Defendant MCM collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – Collection Letters*

26. On or about June 15, 2021, MCM sent Plaintiff a collection letter regarding the alleged debt. See Letter attached as Exhibit A.

27. The collection letter states on the third page:

    Principal Balance: $9,302.21

    Post Charge-Off Interest Balance: $0.00

    Post Charge-Off Fees Balance: $0.00

    Current Balance: $9,302.21

28. The Letter lists the "Principal Balance" as $9,302.21.

29. However, the balance listed does not consist only of principal.

30. In fact, the alleged "Principal Balance" includes interest and/or fees.

31. To state that there is no interest or fees owed is therefore false, deceptive and unfair.

32. By the time such an account is sent for collection, invariably the balance includes interest and/or fees.

33. Plaintiff therefore knows that the balance on this Letter includes interest and/or fees.

34. Defendant called the total alleged debt amount Principal despite it consisting of principal, interest, and/or fees, in order to improperly coerce Plaintiff to pay it.

35. In addition, the Letter lists the "Post Charge-Off Interest Balance" as $0.00 and the "Post Charge-Off Fees Balance" as $0.00.

36. By differentiating these two items specifically as post-charge-off balances, the immediately preceding item, "Principal Balance", appears to refer the balance pre- and post-charge-off, i.e., that the total balance consists only of principal.

37. Due to Defendant's actions, Plaintiff was unable to evaluate her options of how to handle this debt.

38. Because of this, Plaintiff expended time and money in determining the proper course of action.

39. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

40. Plaintiff was unable to determine the true balance and its component parts.

41. Plaintiff was therefore unable to pay the debt in whole or in part.

42. The funds Plaintiff could have used to pay the debt were therefore spent elsewhere.

43. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

44. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

45. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

46. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to

intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

47. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

48. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

49. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

50. Plaintiff repeats the above allegations as if set forth here.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. Defendants violated said section by:

   a. Making a false and misleading representation in violation of §§ 1692e, and 1692e (10) by stating an amount of Principal Balance owed despite that this amount included interest and/or fees;

   b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

54. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

55. Plaintiff repeats the above allegations as if set forth here.

56. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

57. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

58. Defendants violated this section by unfairly stating that no interest was owed and by unfairly stating that no fees were owed, when in fact one or both were actually owed.

59. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

60. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sarah Dembitzer, individually and on behalf of all others similarly situated, demands judgment from Defendants MCM as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

    b)    Awarding Plaintiff and the Class statutory damages;

    c)    Awarding Plaintiff and the Class actual damages;

    d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    e)    Awarding pre-judgment interest and post-judgment interest; and

    f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 15, 2021                         Respectfully submitted,

                                                 **Stein Saks PLLC**

                                                 s/ Eliyahu Babad
                                                 By:  Eliyahu Babad, Esq.
                                                 One University Plaza, Suite 620
                                                 Hackensack, NJ 07601
                                                 Phone: (201) 282-6500 ext. 121
                                                 Fax: (201) 282-6501
                                                 EBabad@SteinSaksLegal.com

                                                 *Attorneys for Plaintiff*